[Doc. No. 44]

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

BRASS SMITH, LLC,                              :
                                               :
               **Plaintiff,**          :
                                               :
      **v.**                                :        **Civil No. 09-06344 (NLH/JS)**
                                               :
RPI INDUSTRIES, INC.                           :
                                               :
           **Defendant.**           :
_____ :

## OPINION AND ORDER

This matter is before the Court on defendant/counterclaimant RPI Industries, Inc.'s

(hereinafter "RPI") "Motion to Stay Pending Reexamination of U.S. Patent 6,588,863" [Doc. No.

44]. Plaintiff Brass Smith, LLC (hereinafter "BSI") opposed RPI's Motion to Stay [Doc. No. 46]

and the Court received RPI's reply [Doc. No. 48]. The Court held oral argument on RPI's

motion. For the reasons to be discussed, RPI's motion is GRANTED and this civil action shall

be stayed pending the reexamination of U.S. Patent 6,588,863 (hereinafter "'863 patent") by the

United States Patent and Trademark Office (hereinafter "PTO").

**Background**

BSI filed its complaint against RPI on December 16, 2009, alleging infringement of BSI's

'863 patent, titled "Sneeze Guards and Methods for Their Construction and Use" (Complaint ¶ 4,

Doc. No. 1). On March 24, 2010, RPI filed its answer and counterclaim, alleging that the '863

patent is invalid, void and unenforceable [Doc. No. 16]. According to RPI, "on June 9, 2010, a

Request for Reexamination of the '863 patent claims was filed by the law firm of Jordan and

Hamburg, LLP, on behalf of a third party not related to this litigation" (hereinafter "Third Party

Request"). (Memo. of Law at 2). RPI further represents that the Third Party Request for

reexamination was granted by the PTO on July 23, 2010. (Id. at 2, n.1).

RPI filed its own "Request for Reexamination" (hereinafter "RPI Request") on September

17, 2010, claiming that "as a result of its own independent searching, RPI discovered prior art

that raises substantial additional grounds for invalidating the claims of the '863 patent." (Id.).

Both the Third Party Request and RPI's reexamination request are currently pending before the

PTO.[1] On October 18, 2010, counsel for BSI sent a letter to the Court and to counsel for RPI,

indicating that it has agreed to participate in the PTO's "Pilot Program for Waiver of Patent

Owner's Statement in Ex Parte Reexamination Proceedings," which is "designed to reduce the

pendency time of reexamination proceedings." (Doc. No. 59, hereinafter "BSI Letter"). BSI's

letter further asserts that BSI has contacted RPI and offered to resolve RPI's motion by

stipulating to a stay of the case during the pendency of the reexamination proceedings, so long as

RPI refrains from selling, referencing, or showing the allegedly infringing product during the

same time period. (Id.). According to the letter, as of October 18, 2010, RPI has not responded

to BSI's proposal. (Id.). Not having heard from the parties on the issue, the Court assumes this

same situation exists as of the date of this Opinion and Order.

---

[1]On October 13, 2010, counsel for RPI sent a letter to the Court and to counsel for BSI,
indicating that "RPI filed its Petition for Reexamination on September 17, 2010" and that "the PTO
kicked back the original filing on a technical matter, the matter ha[s] been dealt with and the Petition
[was] amended and refiled on September 29, 2010." (RPI Letter). According to RPI, September 29, 2010
commenced the 90-day period within which the PTO must act on the Petition. (Id.).

**Discussion**

RPI is moving to stay the case until the PTO issues its rulings on the outstanding

reexamination requests regarding the '863 patent.  The issue of whether to stay a patent case

pending a reexamination has been addressed in a number of cases in this District and other

jurisdictions.  Courts have delineated the costs and benefits to staying proceedings pending a

reexamination by the PTO.

> [A]dvantages include: (1) a review of all prior art presented to a court by the PTO,
> with its particular expertise; (2) the potential alleviation of numerous discovery
> problems relating to prior art by PTO examination; (3) the potential dismissal of a
> civil action should invalidity of a patent be found by the PTO; (4) encouragement to
> settle based upon the outcome of the PTO reexamination; (5) an admissible record
> at trial from the PTO proceedings which would reduce the complexity and length of
> the litigation; (6) a reduction of issues, defenses and evidence during pre-trial
> conferences; and (7) a reduction of costs for the parties and a court.

Eberle v. Harris, C.A. No. 03-5809 (SRC), 2005 WL 6192865, at *2 (D.N.J. Dec. 8, 2005)

(citing GPAC, Inc. v. D.W.W. Enterprises, Inc., 144 F.R.D. 60, 63 (D.N.J.1992) (internal

citations omitted)).  Courts have also pointed out the drawbacks of a stay: "a stay in litigation

inevitably causes further delay in an already lengthy process, and could potentially harm [the

opposing party]. [The opposing party] ha[s] a right to have their day in court, and more and more

in American jurisprudence the goal is to have that day sooner rather than later."  Id.  While courts

weigh the costs and benefits associated with granting a stay pending reexamination of a patent,

"courts have noted that granting a stay pending reexamination is favored."  ICI Uniqema, Inc. v.

Kobo Prods., Inc., C.A. No. 06-2943 (JAP), 2009 WL 4034829, at *1 (D.N.J. Nov. 20, 2009)

(citing Alltech, Inc. v. Cenzone Tech, Inc., C.A. No. 06-0153 (JM), 2007 WL 935516 (S.D. Cal.

March 21, 2007) ("[t]here is a liberal policy in favor of granting motions to stay proceedings

pending the outcome of reexamination proceedings"); Cross Atl. Capital Partners, Inc. v.

Facebook, Inc., C.A. No. 07-2768 (JRP), 2008 WL 3889539, at *1 (E.D.Pa. Aug. 18, 2008)

("Stays are particularly appropriate when the reexamination result might assist the court in

making a validity determination or would eliminate the need to make an infringement

determination")).

Ultimately, the decision of whether or not to stay a patent case during reexamination is

discretionary.  Stryker Trauma S.A. v. Synthes (USA), C.A. No. 01-3879 (JLL), 2008 WL

877848, at *1 (D.N.J. Mar. 28, 2008) (citing Viskase Corp. v. American Nat'l Can Co., 261 F.3d

1316, 1328 (Fed.Cir.2001); Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed.Cir.1988)); see

also ICI Uniqema, supra, at *2.  In deciding whether to stay a matter pending reexamination

courts have developed a three-part test (hereinafter referred to as the "Xerox factors"): "(1)

whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving

party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether

discovery is complete and whether a trial date has been set."  Stryker Trauma, supra, at *1 (citing

Xerox Corp. v. 3Com Corp., 69 F. Supp 2d 404, 406 (W.D.N.Y. Feb.18, 1999)).  "Other courts

have provided alternative phrasing for this standard, 'In deciding whether to grant a stay, the

court must weight the benefits of the stay against the costs.'"  Id. (citing Motson v. Franklin

Covey Co., C.A. No. 03-067 (RBK), 2005 U.S. Dist. LEXIS 34067, at *1 (D.N.J. Dec. 16, 2005);

Middleton, Inc. v. Minnesota Mining & Mfg. Co., C.A. No. 03-40493, 2004 WL 1968669, at *3

(S.D.Iowa Aug. 24, 2004)).  The Court will now address the Xerox factors described above.

**A. Prejudice**

The first factor for consideration regarding RPI's request for a stay is "whether a stay

would unduly prejudice or present a clear tactical disadvantage to the non-moving party." Xerox

Corp., supra, at 406.  In making this determination, the Court should consider whether any

disadvantages of the inherent delay are outweighed by the advantages that come along with

allowing the PTO to complete reexamination.  See ICI Uniqema, supra, at *2.

RPI argues that BSI will not be unduly prejudiced if a stay is granted because "[BSI]

stands to benefit from simplification of the issues, savings of time and money, and clarification

of the rights afforded by the reexamination and the concurrent stay of this litigation."  (Memo. of

Law at 4).  In addition to averring that it is not purposefully seeking to delay the proceedings in

the case, RPI argues that instead of causing prejudice to BSI, RPI itself will be prejudiced if a

stay is not granted, as there is a chance that the PTO will eventually invalidate the '863 patent as

a result of the pending reexaminations.  Such an invalidation after months or years of continuing

litigation will represent a substantial waste of the resources of the parties and the court.

BSI claims it will be unduly prejudiced if a stay is granted for three reasons.  First, BSI

argues that RPI is purposefully seeking to deny BSI its day in court, and the present motion

represents one of many attempts by RPI to delay the proceedings in this matter.  (Brief at 6-7).[2]

Second, BSI argues that RPI is a direct competitor in a unique industry, and BSI will "lose hard-

earned market share and position to a direct competitor during the delay period."  (Id. at 7).[3]

---

[2] BSI points to several prior instances that allegedly demonstrate RPI's dilatory tactics, such as: seeking extensions of time to file its answer and response to BSI's Motion to Dismiss, initiating a "last-minute" rescheduling of the Rule 16 conference, delaying responding to BSI's discovery requests, and delaying serving its invalidity contentions and claim construction materials.  Id.

[3] BSI relies on Heraeus Electro-Nite Co,. LLC v. Vesuvius USA Corp., C.A. No. 09-2417 (AB), 2010 WL 181375 (E.D. Pa. Jan. 11, 2010) in making this argument: "courts have been reluctant to grant stays where...the parties are direct competitors...In such situations, stays are denied where there is concern that the patent owner will be irreparably harmed because the accused product will continue to gain market share during the pendency of the stay." Id. at *1 (citing NIDEC Corp. v. LG Innotek Co.,

Third, "staying this litigation would encourage RPI to market infringing products during The

North American Association of Food Equipment Manufacturers Show ('The NAFEM Show'),

and potentially encourage other competitors to do the same."  (Id. at 9).[4]

The Court is not persuaded that BSI will be unduly prejudiced by the entry of a stay in the

case.  In Sabert Corp. v. Waddington North America,Inc., C.A. No. 06-5423 (JAG), 2007 WL

2705157 (D.N.J. Sept. 14, 2007), the court granted a stay where it "did not unearth any evidence

to support the notion that [the movant's] motivation in seeking reexamination is purely dilatory."

Id. at *6.  As in Sabert Corp., BSI has not established that RPI's motion to stay the case evinces a

purposeful, tactical delay.  The Court has been closely managing the case since its filing and it

has not seen any evidence that BSI has attempted to purposely delay its resolution.  What BSI

argues are purposeful stalling tactics are the realities of complex litigation.  In addition, in cases

where stays have been denied, courts have noted that the reexamination filing was done as a

tactic to delay the proceedings.  See Xerox Corp., supra, at 407 (denying a stay where there was

evidence that "the movant's request for a stay has at least some dilatory tactical motive behind

it").  This situation is not applicable here since a third-party filed the reexamination request

before RPI was aware of its existence.  (See Memo. of Law at 2).  Indeed, although not

applicable to this case, courts have even granted a stay where it was determined that a movant's

actions were motivated by tactical advantage.  See Stryker Trauma, supra, at *2 (finding that

"denial of a stay because one party timed legitimate procedural actions in such a manner as to

_____

Ltd., C.A. No. 07-108, 2009 U.S. Dist. LEXIS 46123, at *4, 2009 WL 3673433 (E.D.Tex. Apr. 3, 2009);
Innovative Office Prods., v. SpaceCo, Inc., C.A. No. 05-4037 (LFE), 2008 U.S. Dist. LEXIS 67500, at
*11, 2008 WL 4083012 (E.D.Pa. Aug. 28, 2008)).

[4]This third argument is entirely speculative and is not supported with any evidence.

best serve its own interests . . . does not present the kind of inequitable action warranting a denial

of the stay").

Further, the Court finds that the delay attendant to a stay is not sufficiently prejudicial to

BSI to warrant denying RPI's motion.  As RPI states in its brief, "it is well established that the

inherent delay caused by reexamination is insufficient to establish undue prejudice to a patent

holder."  (Memo. of Law at 4) (citing Stryker Trauma, supra, at *2 (internal citations omitted));

see also Everett Labs., Inc. v. River's Edge Pharms., LLC., C.A. No. 09-3458 (JLL), 2009 WL

4508584 (D.N.J. Nov 24, 2009) ("[D]elay, alone, is not dispositive on the issue of prejudice,

particularly given that such delay is common to all stayed cases").  Moreover, "any delay would

not be for such a protracted or indefinite period to constitute an abuse of discretion."  Cima Labs,

Inc. v. Actavis Grp. HF, C.A. No. 07-893 (DRD), 2007 U.S. Dist. LEXIS 41516 (D.N.J. June 7,

2007) (internal citations omitted).  Indeed, BSI itself recently informed the Court that it agreed to

participate in the PTO's Pilot Program, which may reduce the pendency of the reexamination by

approximately three to five months.  (See BSI Letter at 1) (internal citations omitted).

Although there is some support for BSI's "direct competitor" argument, BSI has not

referenced any cases from this District where a stay was denied because of the parties' status as

direct competitors.  Furthermore, BSI's assertion that RPI is a direct competitor is conclusory.

Although the business of BSI and RPI may overlap in a relatively modest respect,[5] BSI has not

demonstrated that the parties are direct competitors in the sense referred to in Heraeus Electro-

---

[5]The gross revenue generated by RPI from the sale of the allegedly infringing product is less than
$90,000. (RPI Reply at 9).

Nite Co., LLC, supra note 3.[6]  Therefore, the first Xerox factor weighs in favor of a stay.

**B. Simplification of Remaining Issues**

The second factor for consideration in evaluating RPI's motion for a stay is "whether a stay will simplify the issues in question and trial of the case."  Xerox Corp., supra, at 406.

RPI cites to statistics from the PTO to argue that a stay will simplify issues in the case. Namely, "the most recent statistics indicate that approximately 75% of claims subjected to reexamination pursuant to a third party request do not survive in the form in which they existed prior to reexamination."  (Memo. of Law at 6).[7]  Specifically, "in 62% of the requests [for reexamination], claims are modified…[I]n 75% of the requests, reexamination certificates are issued with either (i) all claims cancelled, or (ii) some claims cancelled and/or modified."  (RPI Reply at 9).

In opposition, BSI provides several arguments to explain why granting a stay will not narrow or simplify the disputed issues in the case.  First, there is no overlap between the prior art cited in the Third Party Reexamination Request and the prior art cited in RPI's invalidity

---

[6]In Heraeus, the court does not explicitly detail the analysis it undertook in finding the parties to be direct competitors.  However, Heraeus relies on Innovative Office Prods., supra note 3, at *3, where the court found parties to be direct competitors and denied a stay after the judge in a related bankruptcy case determined that: "'[defendant's] operations...had a negative impact on [plaintiff] and...the alleged claims for infringement and royalties are significant ... [s]hould either the patent litigation or the PTO examination take one year to complete, the [defendant's] projected sales over that time could range from $3.6 to $6 million. Even the possibility that all, or a substantial portion of this revenue could be derived from an infringing product line, poses a serious risk of irrevocable harm to [plaintiff] through lost market share and sales revenue.'" Id. (citing In re SpaceCo Bus. Solutions, Case No. 07-12977 (Bankr.D.Colo. 2007)).  In the present case, BSI has not provided similar proof to substantiate its assertion that RPI is its direct competitor.

[7]RPI's "Exhibit 'E'" contains documentation referred to as "United States Patent and Trademark Office. (June 30, 2010) Ex Parte Reexamination Filing Data (Ex Parte Reexamination Filing Data from July 1, 1981 - June 30, 2010)."

contentions.  (BSI Brief at 1).  As such, the prior art cited in the Third Party Request will not

invalidate the claims of the patent, and discovery in the present litigation will not be affected by

the Third Party Request.  (Id. at 10).  Moreover, according to the PTO's statistics, "only 13% of

third party initiated reexaminations result in all claims being cancelled."  (Id. at 11).  Finally,

RPI's own reexamination request "will not result in simplification of the issues because under the

applicable rules, even after a reexamination RPI will be free to re-litigate the same prior art in

this Court, forcing this Court to reconsider the same issues considered by the PTO."  (Id. at 2).

        BSI's claim that a stay has no potential for simplifying issues in the case is unavailing.

As noted in Motson: "reexamination ha[s] the potential to eliminate trial on the issue altogether

or at least reduce the costs associated with litigating it.  And, if the PTO upholds the validity of

plaintiff's patent, the plaintiff's rights will only be strengthened, as the challenger's burden of

proof becomes more difficult to sustain."  See supra, at *3 (internal quotation marks and citations

omitted).  See also Sabert Corp., supra, at *6 (noting that "[t]he stay, while adding time to the

litigation, is a minimal expenditure of judicial economy for what might be an optimal efficiency

gain.  The reexamination period may produce information that narrows the issue before this

court").

        Although BSI argues that due to lack of overlap the Third Party Reexamination is

irrelevant to RPI's defenses in the case, the PTO has preliminarily determined there to be a

material issue as to the '863 patent based on the Third Party Request.  Moreover, BSI's reference

to the PTO statistics to highlight the low probability that all claims will be dismissed as a result

of the reexamination is not controlling.  In its motion, RPI is not asserting that a stay should be

granted because the suit will likely be dismissed outright as a result of the pending

reexaminations.  Instead, RPI argues that the outcome of the reexaminations might serve to

clarify and simplify the claims at issue in the litigation, in addition to the aforementioned thirteen

percent (13%) chance that all claims will be cancelled.  Lastly, BSI's argument that RPI will be

free to re-litigate the same prior art in this court, resulting in duplicitous proceedings, added cost,

and delay, instead of simplification, does not weigh heavily in the Court's decision.  The patent

litigation system contemplates the possibility that two proceedings will take place, and the

corresponding delay does not play a major role in the Court's decision to grant or deny a stay.

See Stryker Trauma, supra, at *1 ("[t]here is no conflict between a reexamination and a challenge

to a patent in federal court, despite the fact that the two forums may come to differing

conclusions on the same patent; the PTO and the district courts apply different standards and

come to different legal conclusions") (internal citation omitted).

     The status of the pending reexamination requests also factors into the Court's decision to

grant a stay.  In Eberle, supra, the Court granted a stay based on the fact that one reexamination

request had been granted and another was pending.  (RPI Reply at 4).  Although the defendant in

Eberle was responsible for both reexamination requests, the underlying rationale for the Court's

decision to grant a stay is applicable here.  See Eberle, supra, at *3 ("With one PTO

reexamination granted and another potential reexamination pending, the debate is not whether or

not this civil action will be affected, but rather the extent of said affect.  The benefits of waiting

for the PTO's reexamination(s) far outweigh the burden of waiting for their decision(s).  The

dynamics of the litigation in issue will potentially alter, and with that alteration, the needs of the

parties, the discovery they seek, the witnesses they will name, perhaps the very basis for the

litigation will change").

For the foregoing reasons, the second Xerox factor, which addresses "whether a stay will simplify the issues in question and trial of the case," weighs in favor of granting a stay.

**C. Effect of the Stay on the Trial Schedule and Discovery**

The third and final Xerox factor for consideration in evaluating RPI's motion for a stay is "whether discovery is complete and whether a trial date has been set." Xerox Corp., supra, at 406. RPI argues the case is in its early stages, noting that "the claim construction process has barely begun… [and] [t]he current scheduling order does not contemplate a trial date." (Memo. of Law at 7). BSI counters by arguing that the stay would have an adverse effect on the trial schedule, as "[d]iscovery has been open for almost five months…[and] [t]he parties' efforts have distilled the issues in dispute and moved the case well down the road toward trial." (Brief at 2).

At the present time, this litigation is still in its relatively early stage, the parties are not "deep" into discovery, and no trial date has been set. In fact, the parties have yet to take any depositions, relevant documents remain to be produced, expert reports have not been served, and the Markman hearing has not been scheduled. The third Xerox factor, therefore, weighs in favor of granting a stay. Xerox Corp., supra, at 406.[8]

Although every case is fact specific, almost every reported New Jersey District Court opinion that has considered the issue has granted a stay where a reexamination request was pending. See, e.g., ICI Uniqema, supra; Stryker Trauma, supra; Eberle, supra; Sabert Corp., supra; Cima Labs, supra; Motson, supra; GPAC, supra. This case is readily distinguishable from

---

[8]In Stryker Trauma, the court granted a stay at a far more advanced stage of the litigation than this case. In that case, a stay was granted, "following extensive pretrial motion practice by the parties" and an infringement trial, which resulted in the jury returning a verdict in favor of the plaintiff on the claims of infringement. See supra, at *1. Similarly, in ICI Uniqema, the court granted a stay three months after its Markman decision was entered. See supra, at *2.

11

the New Jersey case BSI relies upon.  In <u>V. Mane Fils, S.A. v. Int'l Flavors & Fragrances, Inc.</u>,

C.A. No. 06-2304 (DEA) (D.N.J. Aug. 31, 2009), the Court issued an order denying a stay where

the non-moving party was about to take critical depositions after a long and contentious

discovery period.  <u>Id.</u>  In addition, in <u>GPAC</u>, the Court noted: "Most often, cases have been

denied a stay due to the late stage of litigation, the fact that discovery was or would be almost

completed, or the matter had been marked for trial."  <u>See</u> <u>supra</u>, at 64.  This situation does not

exist here.[9]

**Conclusion**

      Based upon the relevant factors the Court considered, and the foregoing analysis of same,

RPI's motion will be granted.  Accordingly, for all the foregoing reasons,

      IT IS hereby ORDERED this 1st day of November 2010 that RPI's "Motion to Stay

Pending Reexamination of U.S. Patent 6,588,863" [Doc. No. 44] is GRANTED; and

      IT IS FURTHER ORDERED that this matter shall be administratively terminated without

prejudice to the right of any party to restore the case to the active docket upon written notice to

the court after the USPTO rules on the outstanding reexamination requests regarding the '863

patent.

                                      /s/ Joel Schneider
                                      JOEL SCHNEIDER
                                      United States Magistrate Judge

---

[9]To date the PTO has not ruled on RPI's reexamination request.  However, even if RPI's request is denied the Court finds that a stay is appropriate in view of the Third Party Request that was granted.