FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| BRASS SMITH, LLC, | |
| Plaintiff, | CIVIL NO. 1:09-cv-6344 (NLH) |
| v. | |
| RPI INDUSTRIES, INC., | **OPINION** |
| Defendants. | |

**APPEARANCES**

NORRIS McLAUGHLIN & MARCUS, P.A.
A Professional Corporation
721 Route 202/206
P.O. Box 5933
Bridgewater, New Jersey 08807
(908) 722-0700

KILPATRICK TOWNSEND & STOCKTON LLP
1400 Wewatta Street, Suite 600
Denver, CO 80202
(303) 571-4000

*Attorneys for Plaintiff Brass Smith, LLC*

GRUENEBERG LAW GROUP, LLC
Executive Court
2 Eves Drive, Suite 208
Marlton, NJ 08053
(856) 267-5907

McAFEE & TAFT, P.C.
Two Leadership Square, 10th Floor
211 N. Robinson Avenue
Oklahoma City, OK 73102
(405) 235-9621

*Attorneys for Defendant RPI Industries, Inc.*

**HILLMAN, District Judge**

    **I.**    **BACKGROUND**

This matter comes before the Court upon the parties' request for an order of dismissal pursuant to Fed. R. Civ. P. 41(a)(2).  A private settlement agreement was entered into between plaintiff, Brass Smith, LLC, and defendant, RPI Industries, Inc.  The parties seek to have certain terms of their settlement agreement incorporated into the Court's order of dismissal, including a provision that this Court retain indefinite jurisdiction to enforce the terms of the settlement agreement.  Retention of indefinite jurisdiction, however, raises important questions regarding the limits of federal judicial authority.  As such, the Court finds it necessary to examine its ability to retain jurisdiction to enforce settlement agreements.  This analysis explores the extent of the Court's discretion to retain jurisdiction, and whether that discretion allows for alteration of settlement terms within the order of dismissal, as well as any temporal delimitations on retention of jurisdiction.

    **II.**    **DISCUSSION**

        **A.**    **Jurisdiction Over Settlement Agreements**

We begin with the axiom that "[f]ederal courts are courts of limited jurisdiction." <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994).  Federal courts draw their jurisdictional power from explicit grants by Congress, and from

Art. III of the U.S. Constitution. See U.S. Const. art. III; Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701-02 (1982). Regardless of whether both parties wish for the federal court to retain indefinite jurisdiction to enforce their settlement agreement, "parties may not confer subject matter jurisdiction by consent." Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004) (citations omitted); see also Collins v. Thompson, 8 F.3d 657, 659 (9th Cir. 1993) (holding that "[a] federal court may refuse to exercise continuing jurisdiction even though the parties have agreed to it. Parties cannot confer jurisdiction by stipulation or consent."), cert. denied, 511 U.S. 1127 (1994); Stewart v. O'Neill, 225 F. Supp. 2d 6, 8 (D.D.C. 2002) (stating that "[p]arties may not, by consent, definitively invoke or deny the Court's jurisdiction over the settlement agreement."); Taylor v. Wolff, 158 F.R.D. 675, 676 (D. Nev. 1994) (stating that "an agreement between the parties that this court would maintain continued jurisdiction to enforce the consent decree indefinitely ... would not bind me to retain jurisdiction").

"Enforcement of [a] settlement agreement ... is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Kokkonen, 511 U.S. at 378. The Supreme Court has rejected the notion that a federal district court has any "inherent power" to enforce a

settlement agreement.  Id. at 381.  Nor does a federal court have jurisdiction over a settlement agreement simply because it had jurisdiction over the original dispute.  See Washington Hosp. v. White, 889 F.2d 1294, 1298-99 (3d Cir. 1989).  A settlement agreement is a contract, and a dispute over the settlement agreement is governed by state contract law.  See Mortellite v. Novartis Crop Prot., Inc., 460 F.3d 483, 492 (3d Cir. 2006) (acknowledging that "[u]nder New Jersey law, a settlement agreement is a form of contract, and courts must look to the general rules of contract law to resolve disputes over a settlement agreement) (citations omitted); Nelson v. Pennsylvania, 125 Fed. App'x 380, 382 (3d Cir. 2005) (finding that dismissal of the suit terminates federal jurisdiction, hence an action to enforce the settlement agreement becomes a separate contract dispute, based on the terms of the agreement).  For a settlement agreement dispute to remain in federal court, there must be an independent basis, such as diversity, for jurisdiction.  See O'Connor v. Colvin, 70 F.3d 530, 532 (9th Cir. 1995); Nelson, 125 Fed. App'x at 382 (Absent diversity, "[t]he proper forum in which to enforce a settlement agreement is the state court," through application of state contract law); Langella v. Anderson, 734 F. Supp. 185, 189 (D.N.J. 1990) ("if the parties are not diverse in citizenship, the enforcement action [of the settlement agreement] may be limited to state

court.").

Notwithstanding its limited jurisdiction, a federal court may nonetheless retain jurisdiction to enforce a settlement agreement under the doctrine of ancillary jurisdiction. Ancillary jurisdiction permits jurisdiction by federal courts " over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." Kokkonen, 511 U.S. at 378. A court may exercise ancillary jurisdiction to enforce a settlement agreement "... if the parties' obligation to comply with the settlement agreement ha[s] been made part of the order of dismissal - either by [1] separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or [2] by incorporating the terms of the settlement agreement in the order." Id. at 381 (numbers added); see Shaffer v. GTE North, Inc., 284 F.3d 500, 503 (3d Cir. 2002) (citing Kokkonen 511 U.S. at 381). "[A] judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." Id. The phrase "pursuant to the terms of the settlement" is also insufficient to establish ancillary jurisdiction because it does not incorporate the terms of the settlement into the dismissal order. See In re Phar-Mor, Inc. Sec. Litig., 172 F.3d 270, 274 (3d Cir. 1999).

Whether or not a court decides to retain ancillary

jurisdiction over the settlement agreement is discretionary. See Wright v. Prudential Ins. Co. of Am., 285 F. Supp. 2d 515, 522 n.17 (D.N.J. 2003) ("The exercise of [ancillary] jurisdiction to enforce its own order [of dismissal] is discretionary; the court [is] under no obligation to reserve [jurisdiction] in the first place.")(citing Kokkonen, 511 U.S. at 381). "If the parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so." Kokkonen, 511 U.S. at 381 (emphasis in original). "When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2)...the court's 'retention of jurisdiction' over the settlement contract... may, in the court's discretion, be one of the terms set forth in the order."[1] Id. Even when the dismissal is pursuant to Fed. R. Civ. P. 41(a)(1), which by its terms does not "empower a district court to attach conditions" to the parties' dismissal, the court is nonetheless "authorized to ... retain jurisdiction over the settlement contract[] if the parties agree." Id. at 381-82.

The Federal Rules of Civil Procedure and federal case

---

[1] Fed. R. Civ. P. 41(a)(2) does not extend jurisdiction over a settlement agreement. It only permits the court to enter an order of dismissal "on terms that the court considers proper." See Fed. R. Civ. P. 41(a)(2) which states in pertinent part, "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

law therefore establish that a court is under no obligation to retain jurisdiction over a settlement agreement, but may do so if it chooses.  <u>Kokkonen</u>, <u>supra</u>; <u>Wright</u>, <u>supra</u>.  "The Court ... can use its discretion under Rule 41(a)(2) and 41(c) to decide the proper 'terms and conditions' of the stipulation" that it incorporates into its order for dismissal.  <u>Glaxo Group Ltd. v. Dr. Reddy's Labs., Ltd.</u>, 325 F. Supp. 2d 502, 506 (D.N.J. 2004).  Parties, even if they mutually agree, do not have a right to incorporation of all their settlement terms in a dismissal order, since "nowhere in [<u>Kokkonen</u>] does it say that a court *must* allow such an incorporation."  <u>Glaxo</u>, 325 F. Supp. 2d at 508 (emphasis in original).  It is within the Court's discretion to decline "the invitation to place the judicial stamp of authority on whatever private arrangements have been made between the parties."  <u>Id.</u>

If a court decides in its discretion to exercise ancillary jurisdiction, it may modify the terms in its order to delimit its retainer of jurisdiction.  <u>See</u> <u>Glaxo</u>, 325 F. Supp. 2d at 509 (stating "the Court exercises its discretion under Fed. R. Civ. P. 41 to modify the 'terms and conditions' of the order requested by [plaintiff] and [defendant]"); <u>Wright</u>, 285 F. Supp. 2d at 522 n.17 (affirming that the Court has discretion to delimit its retainer of jurisdiction in the order of dismissal).  A federal court may also extend the jurisdictional time frame

within the order of dismissal if the parties so desire.  See Stewart v. O'Neill, 225 F. Supp. 2d 6, 8 (D.D.C. 2002) (extending jurisdiction during implementation of the settlement agreement upon request of both parties).

Additionally, the Third Circuit has recognized that a federal court exercising ancillary jurisdiction has "inherent power to enforce a consent decree in response to a party's non-compliance, and to modify a decree in response to changed conditions."  Holland v. New Jersey Dep't. of Corr., 246 F.3d 267, 270 (3d Cir. 2001)(citations omitted).  Although the consent decree might not explicitly mention the power to modify its terms, a federal court, upon a showing of good cause or changed circumstances, may exercise its inherent power to modify the decree, even over the objection of one party.  See United States v. Swift & Co., 286 U.S. 106, 114-15 (1932); Delaware Valley Citizens' Council for Clean Air v. Pa., 674 F.2d 976, 980 (3d Cir. 1982) (citing Jordan v. School Dist., 548 F.2d 117 (3d Cir. 1977)).[2]

The maximum length of time over which a Court may retain ancillary jurisdiction to enforce a settlement agreement

---

[2]   In each of these cases, however, a substantial federal interest was at stake: a charge of racial discrimination before the EEOC (Holland), compliance with the federal Clean Air Act (Delaware Valley), alleged violations of Fourteenth Amendment equal protection (Jordan), and a Sherman Anti-Trust Act violation (Swift).

does not appear to be explicitly addressed in case law.  Certain opinions either implicitly or explicitly contemplate that a length of time greater than the 60-day local rule (Local R. 41.1(b)) is acceptable.  See Langella v. Anderson, 734 F. Supp. 185, 192 (D.N.J. 1990) ("Absent an intention, either express or implied, to retain jurisdiction past this [60-day] period, the court lost jurisdiction to enforce the terms of the Settlement Agreement"); Holland, 246 F.3d at 270 (indicating that the district court, in its consent decree, explicitly retained jurisdiction for four years).  This suggests that a retention of jurisdiction for a period of time greater than that provided by the local rule is permissible, so long as the intention to retain jurisdiction is clear.  See Bronze Shields v. City of Newark, 214 F. Supp. 2d 443, 445 (D.N.J. 2002)(enforcing consent decree fifteen years after entering the order).

	However, there is no authority that states that a court shall exercise jurisdiction indefinitely.  In McCall-Bey v. Franzen, 777 F.2d 1178, 1187 (7th Cir. 1985), cited favorably in Sawka v. Healtheast, Inc., 989 F.2d 138, 142 (3d Cir. 1993), Langella, 734 F. Supp. at 188-89, and Sherman v. Wellbrock, 761 F. Supp. 1135, 1141 (D.N.J. 1991), the Seventh Circuit stated:

> in this case, the petition to enforce [the settlement agreement] came only a few months after the dismissal; but as the plaintiff's able counsel candidly admitted at argument, the principle for which he is contending has no limit of time.  If 20 years from now the

> plaintiff complains that the defendants have violated a term of the settlement agreement, the judge would, in the plaintiff's view, have jurisdiction to entertain the complaint - and this regardless of whether the district judge intended to retain jurisdiction. No statute confers such a jurisdiction and we hesitate to use so formless a concept as inherent power to give the federal courts an indefinite jurisdiction over disputes in which the federal interest may be nonexistent. If the parties want the district judge to retain jurisdiction they had better persuade him to do so.

McCall-Bey, 777 F.2d at 1187. The above language suggests that, regardless of whether the Court has decided to retain jurisdiction or not, its exercise twenty years removed from the issuance of the consent judgment impermissibly strains the limits of federal court authority.

Notwithstanding a federal court's power to retain ancillary jurisdiction over a settlement agreement, a federal court may also decide to terminate or divest itself entirely of jurisdiction over the settlement agreement. For example, a federal district court exercised its discretion in terminating jurisdiction over a particular settlement agreement, despite a provision in the agreement reserving indefinite jurisdiction over its implementation. Arata v. Nu Skin Intern., Inc., 96 F.3d 1265, 1268-69 (9th Cir. 1996) (affirming district court divestment of jurisdiction).

In sum, a federal court may in its discretion exercise ancillary jurisdiction over a settlement agreement if it

explicitly so states in its dismissal order.  The exercise of ancillary jurisdiction may exist over a number of years following a dismissal order or consent decree, but may not be indefinite unless there is clear statutory authority to do so.

### B.   The Parties' Settlement Agreement

In the matter before the Court, the Plaintiff filed a complaint alleging patent infringement.  The parties eventually reached a settlement and agreed that "by June 1, 2012, Defendant will stop making, selling, offering to sell, or importing the device(s) accused in the action."  The parties further agreed that "by August 15, 2012, Defendant will stop shipping the device(s) accused in the action."[3]  The parties seek to have the Court retain "subject matter and personal jurisdiction to enforce the agreement and resolve any disputes pertaining to it."  The parties also seek to have any dispute regarding compliance with the settlement agreement brought before this Court to be resolved and to award any legal or equitable relief as it deems appropriate.

The difficulty with the parties' proposed language is that there are no temporal or other limits to the Court's jurisdiction over the settlement agreement.  By its terms, the agreement obligates the Defendant to cease certain conduct by

---

[3]   According to the complaint, the device(s) at issue are "Sneeze Guards and Methods for Their Construction and Use," U.S. Patent No. 6,588,863.

next summer and to do so forever.  For example, if the Defendant sells the device one day, or fifty years, after June 1, 2012, the parties appear to intend for this Court to have jurisdiction to enforce the agreement or settle the dispute.  Similarly, the parties appear to contemplate that the Court will be available for this limitless period to resolve "any dispute pertaining" to the agreement.  As the above discussion of the law demonstrates, no rule or statute confers such endless jurisdiction upon a federal court in a private dispute lacking substantial public interest.

    Therefore, this Court will decline to extend its jurisdiction indefinitely over what would essentially be an inchoate contract dispute.  Given that the parties stipulated to the terms of the proposed order, the Court will not unilaterally change its terms.  However, if the parties wish the Court to retain ancillary jurisdiction under reasonable terms and for a reasonable time, they are directed to file an amended stipulation and order within 30 days dismissing the matter but retaining jurisdiction in a manner consistent with this Opinion.

    An appropriate Order shall be entered consistent with this Opinion.

                                                  s/Noel L. Hillman
                                                  NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

Date: December 8, 2011